JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-1574

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Freddie Robinson

### DEFENDANTS
City of Philadelphia; Philadelphia Police Department; Police Dective Piers

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Villari, Lentz & Lynam, LLC
1600 Market Street, Suite 1800
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983
Brief description of cause:
Excessive Force; Due Process; Unreasonable Searches and Seizures

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE
03/27/2015

SIGNATURE OF ATTORNEY OF RECORD

MAR 27 2015
J.T.

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2031 S. 6th Street, Philadelphia, PA 19148

Address of Defendant: 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia Police Department Headquarters, 750 Race Street, Philadelphia, PA 19106
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Thomas A. Lynam, III, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 03/27/2015   _____   83817
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MAR 27 2015

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/27/2015   _____   83817
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____Thomas A. Lynam, III_____, counsel of record do hereby certify:

&#10006; Pursuant to Local Civil Rule 53.2, Section 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interests and costs;

&#10006; Relief other than monetary damages is sought.

Date:___03/27/2015___  _____  _____83817_____
                                                       Attorney at Law          Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within care is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date:___03/27/2015___  _____  _____83817_____
                                                       Attorney at Law          Attorney I.D. #

CIV. 609

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Freddie Robinson | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, et al. | : | NO. 15  1574 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 03/27/2015 | Thomas A. Lynam, III | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-1990 | 215-568-9920 | tlynam@vll-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 27 2015

#400




IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDDIE ROBINSON
2031 S. 6th Street
Philadelphia, PA 19148

        Plaintiff,                  CIVIL ACTION

vs

                                       NO.

CITY OF PHILADELPHIA,                   **15    1574**
PHILADELPHIA POLICE DEPARTMENT
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
    and
POLICE DETECTIVE PIERS
Philadelphia Police Department Headquarters
750 Race Street
Philadelphia, PA 19106

        Defendants.

---

## CIVIL ACTION COMPLAINT

Plaintiff, Freddie Robinson, by and through his undersigned counsel, Villari, Lentz & Lynam, LLC, says by way of Complaint against Defendants, as follows:

1.      Plaintiff, Freddie Robinson, is an adult male and citizen of the Commonwealth of Pennsylvania, with an address at 2031 S. 6th Street, Philadelphia, Pennsylvania 19148.

2.      Upon information and belief, Defendant, City of Philadelphia, Philadelphia Police Department (hereinafter referred to as the "Police Department"), is a municipality and/or jural entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1515 Arch Street, 15th Floor, Philadelphia, Pennsylvania 19102.

- 1 -

25 given
3/27/2015
RT

3. Upon information and belief, Defendant, Detective Piers (the full and exact name which cannot be ascertained for the reasons set forth below), is an adult male and citizen of the Commonwealth of Pennsylvania and a Philadelphia Detective with a business address of 750 Race Street, Philadelphia, Pennsylvania 19106.

4. As indicated by the facts alleged below, Plaintiff Robinson was not able to obtain the full name and get assurance that he knew the correct last name of Detective Piers, as Detective Piers' violent and unconstitutional conduct put Plaintiff Robinson in fear of future attacks and retaliation on not just Plaintiff Robinson, but on his family. Because of this, Plaintiff has been unable to identify the exact Detective Division where Defendant Detective Piers is located.

5. Upon information and belief, Defendant Detective's last name is Piers or a name quite similar in form and/or pronunciation; furthermore, Detective Piers is an African-American male, heavy set, approximately 5'11"-6' tall, and has, or at least had at the time of the incident in question, a large and unique bubble on the back of his head.

6. At all times relevant hereto, all Defendants, who are being sued in both their individual and official capacities, acted by and through their actual or apparent employees, servants and/or agents who were in the course and scope of their actual or apparent employment, service and/or agency with all other Defendants.

7. At all times relevant hereto, the Police Department was acting under color of state law had the responsibility for managing its detectives, officers, and employees, training, disciplining, and setting official policy for the Police Department, its employees, and Plaintiff,

Freddie Robinson's custodians and apprehenders.

8. At all times relevant hereto, all Defendants were acting under color of state law and had the responsibility of observing and protecting the constitutional rights of Plaintiff, Freddie Robinson.

9. On or about March 29, 2013, Plaintiff, Freddie Robinson's nephew, Derek Robinson, was shot five times at or around 7th and McKean Streets in Philadelphia.

10. The gunshot to the head took Plaintiff's nephew's life.

11. On or around April 1, at approximately 3 p.m., while mourning, distraught, and in grief, Plaintiff, Freddie Robinson ("Plaintiff Robinson"), along with the deceased Derek Robinson's brother, Leon Robinson and Leon's wife (collectively referred as "trio"), went to the Philadelphia Police Department Headquarters, known as the "Roundhouse," to pick up the deceased Derek Robinson's car keys.

12. The aforementioned trio walked into the Roundhouse, walked up to the desk/glass booth, presented identification, and told the officer behind the booth their stated purpose to pick up their dead kin's keys.

13. The Officer behind the desk responded that they need to talk to Detective Piers.

14. As the trio waited, Detective Piers arrived and shouted out, "Who's the uncle?" and Plaintiff Robinson responded, "Me."

15. Detective Piers responded, "OK. I'll see you, y'all can leave," referring that Plaintiff Robinson should stay and Leon Robinson and his wife should go.

16. Puzzled, Leon Robinson and his wife remained by the booth.

17. Detective Piers then began to shuttle Leon Robinson and his wife out.

18. Unfortunately, as he was scuttling them out the door, Freddie Robinson could not hear Detective Piers' violent language which was, "You don't want what I'm gonna give you if you come back to this building."

19. Next, Detective Piers approaches Plaintiff Robinson and repeatedly says, "Get on the fucking elevator before I throw you in here!"

20. Trying to be reasonable, Plaintiff Robinson answered, "I don't think you want to do that."

21. Well, Detective Piers did do that and grabbed Plaintiff Robinson and threw him in the elevator.

22. Knowing that it would not be wise to try to resist a belligerent, violent and crazy Police Detective, Plaintiff Robinson voluntarily spread his legs and put his arms against the elevator wall.

23. Then, without any provocation or warning, Detective Piers violently and cheaply rocketed his elbow into the side of Plaintiff Robinson's head.

24. The blow Detective Piers intentionally gave to Plaintiff Robinson was in the "Red Zone," an area of the body that prohibits such strikes to be used on civilians.

25. Then, in the presence of two other detectives, Detective Piers threw Plaintiff Robinson in an interrogation room with two others being detained.

26. Detective Piers then put on his gloves and violently patted down Plaintiff Robinson, getting in cheap shots in the process.

- 4 -

27. Plaintiff Robinson was not charged of any crime, yet was detained in the interrogation room for approximately sixteen hours, where he was not allowed to go to the bathroom—despite his pleas to go, and was not provided any food or drink.

28. Detective Piers just used the pat down as a means to hurt Plaintiff Robinson, because none of Plaintiff Robinson's possessions were taken.

29. Plaintiff Robinson, while in the room, trapped and imprisoned, called his daughter with his cell phone to try to get help.

30. This must have tipped off Detective Piers that the outside world may be trying to thwart his unconstitutional detainment of Plaintiff Robinson, thus, Detective Piers came in the interrogation room and took Plaintiff Robinson's phone.

31. Later, in a threatening tone, Detective Piers obtained Plaintiff Robinson's passcode for his phone from Mr. Robinson, from which, Detective Piers then invaded Plaintiff Robinson's privacy rights by searching his phone with no legitimate purpose.

32. It wasn't until 7:30 a.m. when Plaintiff Robinson was finally released and he had to sign papers to get his phone back.

33. One officer informed him that he was detained because he hit Detective Piers, yet, no charges were ever made against Plaintiff Robinson.

34. When Plaintiff Robinson was released, his attacker, Detective Piers, was long gone, as his shift ended earlier and he had no regard or compassion to release the grieving uncle, Plaintiff Robinson, who was unconstitutionally beaten, seized and imprisoned, among other things.

- 5 -

35. Leaving Plaintiff Robinson, a human being, in a cage unjustifiably for hours wasn't even an afterthought for Detective Piers.

36. As a result of Detective Piers' assault on Plaintiff Robinson, Plaintiff Robinson suffered a closed head injury, back pain, neck pain, and headaches.

37. To this day, Plaintiff suffers the effects of the Defendants' abhorrent behavior, both mentally and physically.

WHEREFORE, in consideration of the foregoing, Plaintiff, Freddie Robinson, demands judgment in his favor and against Defendants, jointly and severally, for an amount in excess of seventy-five thousand dollars ($75,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT I
## VIOLATION OF CIVIL RIGHTS
## PLAINTIFF, FREDDIE ROBINSON V. ALL DEFENDANTS

38. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

39. The conduct of Defendants as set forth above, acting under color of state law, was intended to harm Plaintiff, Freddie Robinson, and/or was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to Plaintiff, and was so egregious as to shock the conscience.

40. The conduct of Defendants as set forth above violated Plaintiff's constitutional

rights to be free from unreasonable searches and seizures, right to be free from arrest without probable cause, right to be free from stops absent a reasonable suspicion that he has committed a crime, rights to bodily integrity, rights to care in custody, right to be free from excessive force, rights to be free from cruel and unusual punishment, rights to privacy, and to substantive and procedural due process, as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

41.     Defendants' conduct of engaging in a cover up of their illegal detainment and illegal use of force as set forth above violated Plaintiff's constitutional right of access to courts provided by the privileges and immunities clauses of Article 4 and the Fourteenth Amendment of the Constitution, the right to petition for redress of grievances found in the First Amendment, and the Due Process Clause.

42.     The actions of Defendants, as described above, were undertaken in bad faith and with a deliberate indifference to and callous disregard of Plaintiff's constitutional rights in that the Defendants, among other things,:

a)     physically assaulted, mercilessly beat and detained Plaintiff when it was clear to any reasonable detective that there was no probable cause or reasonable suspicion for detainment and seizure;

b)     assaulted Plaintiff and took him into custody when there was absolutely no trustworthy or fair probability that he had committed a crime;

c)     conspired in callous disregard for the safety of the Plaintiff to cover up the assault by fabricating a story that Plaintiff assaulted Detective Piers and

thereby deprived Plaintiff of his constitutional rights, including access to the courts;

d) violated Plaintiffs substantive due process and other constitutional rights;

e) intentionally veiling and failing to report the incident in its entirety;

f) intentionally and recklessly exposing Plaintiff to a state created danger;

g) intentionally and recklessly failing to memorialize and/or to provide truthful and accurate information on incident reports in accordance with the State laws and administrative regulations;

h) stopping and/or assaulting Plaintiff without a reasonable suspicion that he has or was about to commit a crime;

i) exhibiting a willful disregard for the safety of Plaintiff by use of excessive force;

j) using potentially deadly force of Plaintiff in the nature of a blow to his head;

k) participated in the violent beating of an innocent bystander;

l) conspired to conceal the happening of the assault from Plaintiff and from the proper authorities;

m) used excessive and unnecessary force to apprehend Plaintiff;

n) failed to complete and/or provide truthful and accurate information on use of force forms or an arrest report;

o) failed to notify Internal Affairs of the assault and unlawful detention;

p) destroyed and/or failed to preserve evidence; and

q) lied about how Plaintiff sustained his injuries.

- 8 -

43. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: injuries to the head, neck, back, multiple contusions; fear and anxiety; anxiety attacks; sleeplessness; severe emotional distress; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on him for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

44. As a direct result of Defendants' actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

45. As a direct result of Defendants' actions and/or failure to act, Plaintiff has or may suffer a severe loss of earnings and impairment of earning power and capacity.

46. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

47. As a direct result of Defendants' actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

48. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from

same for an indefinite time in the future.

49. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness.

WHEREFORE, in consideration of the foregoing, Plaintiff, Freddie Robinson, demands judgment in his favor and against Defendants, jointly and severally, for an amount in excess of seventy-five thousand dollars ($75,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT II
## NEGLIGENCE
## PLAINTIFF, FREDDIE ROBINSON V. DEFENDANT, THE CITY OF PHILADELPHIA, PHILADELPHIA POLICE DEPARTMENT

50. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

51. The Defendant Detective Piers engaged in willful misconduct in that he desired to bring about the result that followed or at least were aware that it was substantially certain to follow, so that such desire can be implied.

52. Pursuant to 42 Pa.C.S. § 8550, the willful misconduct of the Defendant Police Detectives serves to waive any immunity or limitation on damages that the municipal defendants would have otherwise enjoyed under the Political Subdivision Tort Claims Act.

53. The negligence, carelessness and recklessness of Defendant include, *inter alia*, the

following:

    a)    failing to properly train its detectives on the appropriate use of force;

    b)    failure to properly train its detectives on the need to establish probable cause prior to arrest and reasonable suspicion for detainment;

    c)    failure to properly supervise the detective that assaulted and detained Plaintiff;

    d)    failure to draft, implement and enforce policies that would serve to eliminate the use of excessive force, unlawful seizures and false imprisonment;

    e)    failure to draft, implement and enforce policies that would serve to prevent the falsification of reports by its detectives;

    f)    failure to comply with police standards;

    g)    failure to adequately train its workforce;  and

    h)    is otherwise negligent in law and in fact.

54. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: injuries to the head, neck, back, multiple contusions; fear and anxiety; anxiety attacks; sleeplessness; severe emotional distress; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on him for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

55. As a direct result of Defendants' actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or

incur such expenditures for an indefinite time in the future.

56. As a direct result of Defendants' actions and/or failure to act, Plaintiff has or may suffer a severe loss of earnings and impairment of earning power and capacity.

57. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

58. As a direct result of Defendants' actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

59. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

60. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness.

WHEREFORE, in consideration of the foregoing, Plaintiff, Freddie Robinson, demands judgment in his favor and against Defendants, jointly and severally, for an amount in excess of seventy-five thousand dollars ($75,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT III
## ASSAULT, BATTERY AND FALSE IMPRISONMENT
## PLAINTIFF, FREDDIE ROBISNSON V. DEFENDANT DETECTIVE PIERS

61. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

62. The Defendant Detective Piers engaged in intentional and willful misconduct in that they desired to bring about the result that followed or at least were aware that it was substantially certain to follow, so that such desire can be implied.

63. Pursuant to 42 Pa.C.S. § 8550, the intentional and willful misconduct of the Defendant Detective Piers serves to waive any immunity or limitation on damages that the municipal defendants would have otherwise enjoyed under the Political Subdivision Tort Claims Act.

64. Plaintiff hereby alleges that the aforementioned intentional and willful actions by the Defendant Detective Piers constituted the torts of assault and battery.

65. Plaintiff hereby alleges that the aforementioned actions by the Defendant Detective Piers and any periods of confinement directly resulting from the improper detainment in question constitute the false imprisonment of Plaintiff in that Defendant Detective Piers intended to confine the Plaintiff within boundaries fixed by said Defendants; Defendant Detective Piers' acts directly or indirectly resulted in such confinement; and Plaintiff was conscious of the confinement and was harmed thereby.

66. As a direct result of Defendant's actions and/or failure to act, Plaintiff has

suffered injuries which include, but are not limited to, the following: injuries to the head, neck, back, multiple contusions; fear and anxiety; anxiety attacks; sleeplessness; severe emotional distress; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on him for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

67. As a direct result of Defendant's actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

68. As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may suffer a severe loss of earnings and impairment of earning power and capacity.

69. As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

70. As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

71. As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

72. As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness.

WHEREFORE, in consideration of the foregoing, Plaintiff, Freddie Robinson, demands judgment in his favor and against Defendants, jointly and severally, for an amount in excess of seventy-five thousand dollars ($75,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

VILLARI, LENTZ & LYNAM, LLC

_____
Thomas A. Lynam, III, Esquire
I.D. No. 83817
1600 Market Street, Suite 1800
Philadelphia, PA 19103
215-568-1990
Attorney for Plaintiff